Roger Cleon DAVISON, Petitioner–
Appellant,

v.

Robert D. HANNIGAN, Warden, Hutch-
inson Correctional Facility, and Carla
Stovall, Attorney General, State of
Kansas, Respondents–Appellees.

No. 05–3000.

United States Court of Appeals,
Tenth Circuit.

June 3, 2005.

Roger Cleon Davison, El Dorado, KS,
pro se.

Kristafer R. Ailslieger, Phill D. Kline,
Office of the Attorney General State of
Kansas, Topeka, KS, for Respondents–Ap-
pellees.

Before BRISCOE, LUCERO, and
MURPHY, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

LUCERO, Circuit Judge.

Roger Davison, a state prisoner pro-
ceeding pro se, requests a certificate of
appealability ("COA") to appeal the denial
of his 28 U.S.C. § 2254 habeas corpus
petition. For substantially the same rea-
sons set forth by the district court, we
**DENY** Davison's request for a COA and
**DISMISS**.

Following Davison's appeal of his
convictions for aggravated indecent liber-
ties, Davison's conviction became final on
February 9, 2000 upon the expiration of
his time for filing a Petition for Certiorari
with the United States Supreme Court.
The one-year statute of limitations for fil-
ing a federal habeas petition under § 2254
began to run at this time. On August 2,
2000, after 173 days of the limitations peri-
od elapsed, Davison filed a state post-con-
viction review motion under Kan. Stat.
Ann. § 60–1507 challenging his convic-
tions. This filing tolled the habeas statute
of limitations until the Kansas Supreme
Court denied review on May 1, 2002, leav-

ing Davison with 192 days remaining in his habeas limitations period set forth in 28 U.S.C. § 2244(d)(1). Davison did not file the instant § 2254[1] petition in federal district court until 356 days later. Finding that the statute of limitations period had elapsed, the district court rejected Davison's claim for equitable tolling based on an alleged deprivation of access to his legal papers. After reviewing the record, we agree that Davison has failed to demonstrate either that extraordinary circumstances beyond his control prevented him from filing his petition on time, or that he diligently pursued his claims throughout the period that he seeks to toll. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Accordingly, Davison's application for a COA is **DENIED** and the appeal is **DISMISSED**.

---

[1] Davison's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Adams v. LeMaster*, 223 F.3d 1177, 1179 (10th Cir.2000). Because the district court denied Davison a COA, he may not appeal the district court's decision absent a grant of COA by this court.